# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES HOFFMAN and CHERYL HOFFMAN, h/w, | : : : | No. 4:15-CV-01828 |
| | : | (Judge Brann) |
| Plaintiffs, | : : | |
| v. | : : | |
| CHAMPION POWER EQUIPMENT, INC., | : : : | |
| Defendant. | : : | |

## ORDER

### JUNE 12, 2017

**BACKGROUND:**

1. Plaintiffs James and Cheryl Hoffman, husband and wife, filed this products liability action when one of Defendant's generators allegedly malfunctioned and caused a substantial house fire.

2. One potential defense advanced by Champion is that the subject generator, due to its manufacture and sales dates, did not belong to a known recall of defective generators.

3. Shortly after I issued an Order narrowing the scope of the Defendant's Rule 30(b)(6) deposition, Plaintiffs cancelled that deposition and returned to the Court on the day before it was scheduled to request supplemental interrogatory responses.

**LAW:**

4. "It is well established that the scope and conduct of discovery are within the sound discretion of the trial court . . . and that after final judgment of the district court . . . our review is confined to determining if that discretion has been abused." *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983) (Aldisert, J.). "To find such abuse it is usually necessary to conclude that there has been an interference with a substantial right . . . or that the discovery ruling is seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Id.* Thus, the United States Court of Appeals for the Third Circuit has forewarned litigants that it "will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817–18 (3d Cir. 1982) (Aldisert, J.).

5. "Discovery need not be perfect, but discovery must be fair." *Boeynaems v. LA Fitness Int'l, LLC*, 285 F.R.D. 331, 333 (E.D. Pa. 2012) (Baylson, J.). "The responses sought must comport with the traditional notions of relevancy and must not impose an undue burden

on the responding party." *Hicks v. Arthur*, 159 F.R.D. 468, 470 (E.D. Pa. 1995). "[T]he scope of [ ] discovery is not without limits." *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). As such, "[d]iscovery should be tailored to the issues involved in the particular case." *Id.*

6. As amended Federal Rule of Civil Procedure 26(b)(1) states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

7. "To determine the scope of discoverable information under Rule 26(b)(1), the Court looks initially to the pleadings." *Trask v. Olin Corp.*, 298 F.R.D. 244, 263 (W.D. Pa. 2014) (Fischer, J.). In ascertaining which materials are discoverable and which are not, a district court must further distinguish between requests that "appear[ ] reasonably calculated to lead to the discovery of admissible evidence," *Bell v. Lockheed Martin Corp.*, 270 F.R.D. 186, 191 (D.N.J. 2010), and demands that are "overly broad and unduly

burdensome." *Miller v. Hygrade Food Products Corp.*, 89 F. Supp. 2d 643, 657 (E.D. Pa. 2000).

8. "[T]he discovery rules are meant to be construed quite liberally so as to permit the discovery of any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence." *Fid. Fed. Sav. & Loan Ass'n v. Felicetti*, 148 F.R.D. 532, 534 (E.D. Pa. 1993). "As an initial matter, therefore, all relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000).

9. Federal Rule of Civil Procedure 37(a)(3)(B) states that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." "In order to succeed on a motion to compel discovery, a party must first prove that it sought discovery from its opponent." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1310 (3d Cir. 1995) (Cowen, J.) (citing Fed. R. Civ. P. 37(a)(1)). In addition, "[t]he party seeking the discovery has the burden of clearly showing the relevancy of the information sought." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).

10. Rule 37(a)(1) requires that a party moving to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

**ANALYSIS:**

11. For the sake of expedience and judicial economy, I conclude that our prior conference calls generally satisfied Rule 37(a)(1)'s requirement, though a more direct attempt at extrajudicial resolution is preferable in the future.

12. The first substantive dispute centers on three interrogatories regarding the details of any complaints about property damage caused by, or alleged malfunctioning associated with the generator at issue. Those requests include Plaintiffs' First Set of Interrogatories, Nos. 22 and 23, as well as Plaintiffs' Second Set of Interrogatories, No. 12.

13. I have reviewed the responses and note that Defendant has already supplied Plaintiffs with a list of 18 names and locations of apparent complaint sources. Moreover, subsequent correspondence between the parties during June 2016 and then again during August 2016 appears to have addressed any alleged shortcomings with these interrogatories.

14. In particular, the Defendant avers that "upon review, none of the claims identified in the initial interrogatory response were reported during that time frame and there was, therefore, nothing to supplement." ECF No. 58.

15. Last, Plaintiffs have had the benefit of these responses and communications for nearly one year, and they have sat idly by. *See, e.g., Joan Summy-Long v. Pennsylvania State Univ.*, 2016 WL 74767, at *1 (M.D. Pa. Jan. 7, 2016) (denying motion to compel brought "on the final day of the fact discovery period" that "would enlarge the temporal scope of this already-prolonged litigation").

16. The second substantive dispute concerns the Defendant's seeming unwillingness to disclose relevant details about the subject generator's relations or lack thereof to a known 2012 generator recall.

17. "[I]n a products liability suit such as this one, faithful adherence to amended Rule 26(b)(1)'s renewed proportionality mandate is furthered considerably by implementation of a sliding scale analysis: material corresponding to alternative designs or components that exhibit significant similarities to the design or component at issue should be discoverable in the greatest quantities and for the most varied purposes; however, material corresponding to alternative

designs or components that share less in common with the contested design or component should be incrementally less discoverable—and for more limited purposes—as those similarities diminish." *Fassett v. Sears Holdings Corp.*, — F.R.D. — 2017 WL 386646, at *1 (M.D. Pa. Jan. 27, 2017) (Brann, J.).

18. "Generally, different models of a product will be relevant if they share with the accident-causing model those characteristics pertinent to the legal issues raised in the litigation." *Fine v. Facet Aerospace Prod. Co.*, 133 F.R.D. 439, 441 (S.D.N.Y. 1990).

19. Additional factors include: "(1) the extent to which the contested discovery can achieve the same functionality as the accident-causing part, despite facial design distinctions; (2) the extent to which the contested discovery could be safety tested using the same procedures and standards as would be used for the accident-causing part; (3) whether, compared with the accident-causing part, the contested discovery was an interchangeable component or a distinct system; and (4) the extent to which the moving party has supported its technical assertions with testimony by a witness who possesses adequate knowledge of the design, development, and functionality of the contested components." *Fassett*, 2017 WL 386646, at *5.

20. Throughout the briefing and during certain of my prior communications with the parties, the Defendant has advanced the argument that the subject generator was not part of the 2012 recall. Against that backdrop, I believe that certain of the requested information that pertains to the recall is discoverable for two reasons: (1) the responses may clarify the basis for Defendant's assertion that Plaintiffs' generator was excluded from the recall; and (2) the responses may ensure that even if Plaintiffs' generator was not subject to the recall, Defendant possessed a valid business justification for excluding it. *See DiFrischia v. N.Y. Cent. R. Co.*, 307 F.2d 473, 476 (3d Cir. 1962) ("In Pennsylvania, under some circumstances where the cause of the accident or the defective or dangerous condition is unknown or disputed, evidence of the occurrence of similar accidents is admissible, in the sound discretion of the trial judge, for the purpose of establishing (1) the character of the place where occurred, (2) their cause, (3) the imputation of notice to the owner of the place where they occurred, and (4) the likelihood of injury."). *See also Uitts v. Gen. Motors Corp.*, 58 F.R.D. 450, 452 (E.D. Pa. 1972) (allowing discovery of information from "recall campaign" because "similar

accidents with identical equipment" were relevant to causation and notice).

21. However, Plaintiffs should also recognize that discoverability and ultimate relevance may diverge in cases like this one. *See Bizzle v. McKesson Corp.*, 961 F.2d 719, 722 (8th Cir. 1992) (affirming exclusion of recall evidence with "minimal probative value" where plaintiff provided only "minimal evidence" suggesting that the litigated model was the same as the recalled model). *See also Uitts*, 58 F.R.D. at 452 ("Our decision on this discovery, however, should not be taken as a ruling on admissibility.").

22. Accordingly, I will require Defendant to supplement its responses to Plaintiffs' Second Set of Interrogatories as follows:

   a. <u>No. 2</u>: This interrogatory is not overbroad and unduly burdensome to the extent that it seeks the factual basis for Defendant's contention that Plaintiffs' generator was not subject to the 2012 recall. The serial number has been adequately identified. However, in light of Plaintiffs' contention that the unit was charred, Defendant shall clarify how it determined that serial number. Moreover, the Defendant shall explain why, as a matter of mechanics, the model corresponding to Plaintiffs' generator was not subject to the 2012 recall.

   b. <u>No. 9</u>: This interrogatory is not overbroad and unduly burdensome to the extent that it seeks to eliminate the possibility that Plaintiffs' generator, although not itself subject to the 2012 recall, was a refurbished version of a recalled generator that experienced a subsequent failure. Accordingly,

        the Defendant shall clarify whether Plaintiffs' generator was a factory new generator; whether it was a refurbished generator that had not previously been recalled; and whether it was a refurbished generator that had previously been subject to the 2012 recall.

   c.    <u>Nos. 5–8</u>: The Court is of the view that these interrogatories are overbroad and unduly burdensome in light of Defendant's representation that Plaintiffs' generator was not subject to the 2012 recall. To the extent that Defendant's supplemental responses to Interrogatory Nos. 2 and 9 reveal that this contention is inaccurate, I may be inclined to revisit this determination. However, to the extent that Defendant's supplemental responses reveal that Plaintiffs' generator was reasonably excluded from the recall, my determination will remain unchanged.

**AND NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1.  Plaintiffs' Motion to Compel, ECF No. 57, is **GRANTED IN PART AND DENIED IN PART**, as follows:

    a.  The Motion is **DENIED** as to Plaintiffs' First Set of Interrogatories, Nos. 22 and 23, as well as Plaintiffs' Second Set of Interrogatories, Nos. 5–8, 12.

    b.  The Motion is **GRANTED** as to Plaintiffs' Second Set of Interrogatories, Nos. 2 & 9, as described more completely above.

2.  The discovery deadline is reset to **July 31, 2017**. All other case management deadlines shall remain unchanged.

3.  Counsel for Defendant shall serve the required supplemental responses on counsel for Plaintiffs **no later than July 3, 2017**.

4.  The Court is confident that the parties are capable, on their own terms and without judicial dictation, of rescheduling an appropriate 30(b)(6) deposition following Defendant's supplemental response deadline but before the renewed discovery deadline.

5.  The parties are also respectfully encouraged to avoid future discovery brinksmanship, as this action has recently demanded a

disproportionate expenditure of judicial resources relative to its comparative significance with other of this Court's matters.

6. The Clerk of Court is directed to docket this Order as a "written opinion," pursuant to the E-Government Act of 2002.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge